NESBITT, Judge.
The defendant, Gandee, a boat dealer, purchased a power boat from Cigarette Racing Team, Inc. (Cigarette). One week later, he returned the boat to the manufacturer for replacement of one engine. While in Cigarette’s repair yard, Gandee became engaged in conversation with the plaintiff, Mullins, who was perusing the plant as a prospective customer. At that point, Cigarette’s employee, Garcia, completed his repairs on Gandee’s boat and announced that he was going to take it for a test run. Gandee and Mullins accompanied Garcia on this trip. With Garcia at the wheel, the boat proceeded southward into the inter-coastal waterway. Soon after the boat passed under the bridge at the 163rd Street Causeway, the boat crossed over the wake of a charter fishing boat traveling south. The boat became airborne, throwing Mullins from it and causing him severe facial injuries.
Mullins instituted an action against Gan-dee and a separate action against Cigarette and its employee, Garcia, for their negligent operation of the boat. The cases were consolidated for trial. Gandee and Cigarette asserted third party claims against each other for: (a) indemnification; and (b) contribution. Mullins was granted a directed verdict against all the defendants; and Gandee was granted a directed verdict on its third party claim against Cigarette. Cigarette then settled with the plaintiff, *338 but filed the instant appeal challenging the directed verdict in favor of Gandee.
We commence our analysis by observing that the accident occurred in navigable waters and, therefore, federal maritime law controls. Tri-State Oil Tool Industries, Inc. v. Delta Marine Drilling Company, 410 F.2d 178 (5th Cir. 1969).[1] Under maritime law, the passive tortfeasor is entitled to total indemnity from the actively negligent party. Kelloch v. S & H Subwater Salvage, Inc., 473 F.2d 767, 769 (5th Cir. 1973); Tri-State Oil Tool Industries, Inc. v. Delta Marine Drilling Company, supra. Since we agree with the trial judge’s determination that Gandee’s negligence, if at all, could only have been as a passive tort-feasor, he is entitled to indemnification from the active tortfeasor, Cigarette.
For the foregoing reasons, we affirm.

. Thus, we reject appellant’s contention that Section 371.52, Florida Statutes (1977) applied to impose liability on Gandee as boat owner. Branch v. Schumann, 445 F.2d 175 (5th Cir. 1971).