SCHWARTZ, Chief Judge.
On January 4,1993, Beckman severely injured himself when he struck his knee after he lost control of a jet ski in navigable waters off the Florida Keys. On December 27, 1996, he sued Yamaha, the manufacturer of the “vessel,” see Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225 (11th Cir.1990), and those who had rented it to him, alleging that they had respectively negligently designed the watercraft, did not adequately warn of its dangers, and failed properly to instruct him on its operation. The trial court ruled that the action involved a maritime claim therefore governed by the three-year maritime statute of limitations, 46 U.S.C.A.App. § 763a *1026 (West 1998), rather than, as Beckman claimed, a Florida cause of action subject to the four-year statute of limitations provided by section 95.11(3)(a), Florida Statutes (1997). Accordingly, the action was dismissed as time-barred. We affirm.
In the case of an incident on navigable waters, the issue of whether a “maritime” claim is involved turns on whether the accident involved a realistic “potentially disruptive impact on maritime commerce.” See Sisson v. Ruby, 497 U.S. 358, 362, 110 S.Ct. 2892, 2896, 111 L.Ed.2d 292, 299 (1990). The decided cases clearly establish that an accident like this one, which causes a serious injury to an occupant of a seagoing craft— even if no other vessel is involved and the defendants’ alleged negligence occurs on land — fully qualifies under this definition. See Mink v. Genmar Indus., Inc., 29 F.3d 1543, 1546 (11th Cir.1994)(“Mmfc could have fallen forward, striking the pilot or controls, thus directly interfering with the navigation of the craft and potentially causing an accident with another craft. Or, the disruption of a serious passenger injury within such intimate confines could have distracted the pilot and directly interfered with the navigation of a vessel. We readily conclude that there was a potential hazard to maritime commerce.”); Sinclair v. Soniform, Inc., 935 F.2d 599, 602 (3d Cir.l991)(“If the crew had been aware of Sinclair’s need for immediate medical assistance, they may have signaled to other vessels in the area for assistance. The possibility that commercial vessels would be diverted to respond to such a distress signal was certainly as great as the potential relied upon by the Supreme Court in Foremost [Ins. Co. v. Richardson, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982) ] that commercial vessels would be diverted by the collision of two pleasure crafts.”); Barber v. Marina Sailing, Inc., 36 Cal.App.4th 558, 42 Cal.Rptr.2d 697 (1995)(on board passenger caught in dock lines while easting off could have required rescue efforts that would have impeded commercial activities at dock), review denied (October 19, 1995); Miami Valley Broadcasting Corp. v. Lang, 429 So.2d 1333 (Fla. 4th DCA 1983)(passenger in pleasure boat on intercoastal thrown from seat in boat onto deck); Cigarette Racing Team, Inc. v. Gandee, 418 So.2d 337 (Fla. 3d DCA 1982)(pleasure boat passenger on intercoastal thrown from boat and injured face when boat hit wake), pet. for review denied, 427 So.2d 736 (Fla.1983). See generally Foremost Ins. Co. v. Richardson, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); Lipworth v. Kawasaki Motors Corp., 592 So.2d 1151 (Fla. 4th DCA 1992), review denied, 601 So.2d 552 (Fla.1992), cert. denied, 506 U.S. 974, 113 S.Ct. 465, 121 L.Ed.2d 373 (1992).
Affirmed.